**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| Sing Fuels Pte. Ltd. | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Case No.: |
| v. | ) |
| | ) Electronically Filed |
| M/V LILA SHANGHAI (IMO 9541318) | ) |
| her engines, freights, apparel, | ) |
| appurtenances, tackle, etc., *in rem*, | ) |
| | ) |
|     Defendants. | ) |

**VERIFIED COMPLAINT**

COMES NOW, Plaintiff SING FUELS PTE. LTD. (hereinafter "Plaintiff" or "Sing Fuels"), by and through undersigned counsel, upon the verification attached hereto of Sonnich Thomsen, Managing Director of Sing Fuels, and files this Verified Complaint, against Defendant M/V LILA SHANGHAI, *in rem*, (hereinafter "the Vessel"). Plaintiff alleges and pleads as follows:

**JURISDICTION AND VENUE**

1. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is brought under the provisions of Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (hereinafter "Supplemental Rules"). This case is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime contract.

2. Venue is proper in the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(2) because the M/V LILA SHANGHAI is or will soon be located in the judicial district.

3.	Venue is proper in the Newport News Division in the United States District Court for the Eastern District of Virginia because the M/V LILA SHANGHAI is in or will arrive in Newport News, VA.

## THE PARTIES

4.	At all times material hereto, Plaintiff Sing Fuels was and still is a foreign corporation registered in Singapore with an address of 10 Anson Road, #16-09 International Plaza, Singapore 079903.

5.	At all times material hereto, Defendant M/V LILA SHANGHAI is a 43692 gross tonnage bulk carrier, built in 2011, with IMO No. 9541318 and International Call Sign of A8WC5. The Vessel is now or will soon be within the Eastern District of Virginia and is subject to the jurisdiction and venue of this Honorable Court.

## FACTS

6.	Sing Fuels brings this action in order to recover amounts indisputably due and owing to it for the supply of necessaries supplied to the Vessel, *i.e.* bunker fuel and marine fuel oil.

7.	Medmar Inc. ("Medmar"), as charterer of the M/V LILA SHANGHAI, called for a resupply of marine fuel oil through its agent, MAC Shipping.  As charterer, Medmar, has the authority to bind the vessel *in rem* when procuring necessaries like marine fuel oil.

8.	On or about June 28, 2019, Medmar ordered from Sing Fuels 950 to 1050 metric tons of marine fuel oil for delivery to the Vessel in Algoa Bay, South Africa, between July 5-6, 2019.  A copy of the Sales Order Confirmation is attached hereto as **Exhibit 1**.

9.	The Sales Order Confirmation incorporates Sing Fuels' Terms and Conditions of Sale for Marine Fuels 2017.  A copy of Sing Fuel's Terms and Conditions of Sale for Marine Fuels 2017 is attached hereto as **Exhibit 2** ("Terms and Conditions").  The Sales Order Confirmation

together with the Terms and Conditions comprise the contract for the purchase and sale of marine bunker fuels to the Vessel (the "Contract").

10. The Sales Order Confirmation provided that payment for the supply of bunkers is due within sixty (60) days from the date of delivery. *See* **Exhibit 1**.

11. The Contract for the supply of bunkers was for the account of "**MEDMAR INC AND JOINTLY AND SEVERALLY OWNERS / MANAGING OWNERS / OPERATORS / MANAGERS / DISPONENT OWNERS / CHARTERERS OF THE VESSEL MV 'LILA SHANGHAI'**." *See* **Exhibit 1** (emphases in original).

12. In accordance with the Contract, Sing Fuels arranged for two tankers to deliver marine bunker fuels totaling 1,049.29 MT to the Vessel on July 10 and July 12, 2019, while the M/V LILA SHANGHAI was at anchorage in Algoa Bay outside the port limits ("OPL") of the ports Coega and Port Elizabeth, South Africa. Copies of the Bunker Delivery Notes confirming the deliveries are attached hereto as **Exhibit 3**. Each Bunker Delivery Note bears the signature of an authorized representative of the Vessel confirming receipt of delivery. *Id.*

13. By signing the Bunker Delivery Note, each authorized representative acted on behalf of the Vessel and her owner and/or operator and/or charterer to procure bunkers and accepted them for the Vessel.

14. The bunkers delivered to the Vessel were necessary to the accomplishment of her mission; to wit: trade worldwide as a commercial ship.

15. Sing Fuels submitted an invoice dated July 10, 2019, and numbered "SF-INV-1907-037" for the delivery of 1,049.926 MT bunkers fuel to the Vessel for the total amount of USD 532,312.48. Payment of the invoice was due on September 9, 2019. A copy of the Invoice is attached hereto as **Exhibit 4**.

16. To date, Medmar Inc., the owners, operators, managers, and/or charterers have failed, neglected, and/or refused to remit full payment in breach of the Contract for the amount totaling USD 532,312.48.

17. Pursuant to Clause 13.4(b) of the Terms and Conditions, Sing Fuels is entitled to recover "interest at the rate of twenty four percent per annum (24% p.a.) (or part thereof) on all outstanding sums." *See* **Exhibit 2**, p. 11. Seven months' accrued interest, as of April 12, 2020, is $74,523.75.

18. Pursuant to Clause 13.5 of the Terms and Conditions, the Buyer (which includes the Owners of the Vessel), agrees to pay "any legal costs and/or expenses incurred in collecting the sums due and outstanding under the Contract, whether or not proceedings are commenced against the Buyer." *See* **Exhibit 2**, p. 12.

19. Sing Fuels has incurred, and continues to incur, legal costs and expenses in its attempts to collect the sums due under the Bunker Supply Contract. Accordingly, as of April 12, 2020, the amount Sing Fuels is due under the Contract totals $606,836.23, plus collection costs, including legal fees.

20. Section 12 of the Terms and Conditions confirms a maritime lien against the Vessel in favor of Sing Fuels "for all claims under any provisions of law "where the vessel is found." *See* **Exhibit 2,** p. 10, Clauses 12.1 and 12.2.

21. Clause 20.2 of the General Terms and Conditions provides that "Seller has a lien on the Vessel for any supplies made under the Contract." *See* **Exhibit 2**, p. 20.

22. Finally, Clause 23.7 states that Sing Fuels as the Seller, "Further, the Seller may apply and benefit from any law in any jurisdiction which grants the Seller a maritime lien and/or right to arrest the Vessel and the parties' rights and remedies under the Contract shall at the Seller's

election be resolved by that law to the exclusion of Singapore law."

23. Accordingly, Sing Fuels may and does now seek enforcement of a maritime lien for the supply of necessaries, *i.e.*, bunkers and marine fuel oil, under the general maritime laws of the United States, including the provisions of 46 U.S.C. §§ 31341 *et seq*.

### REQUEST FOR RULE C ARREST AND
### ISSUANCE OF WARRANT OF ARREST

24. Plaintiff repeats and re-alleges paragraphs 1-23 in the above and foregoing Verified Complaint, and for its further and additional admiralty *in rem* claims against the Defendant, alleges and pleads as follows:

25. As a result of the failure to pay the amounts owed to Plaintiff for the bunker fuel supplied to the Vessel, Plaintiff's claim for the amount of **USD 532,312.48**, attaches as a maritime lien on the Vessel in favor of Plaintiff and is enforceable against the Vessel *in rem* under the provision of 46 U.S.C. § 31341 *et seq*.

26. Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

27. Plaintiff also seeks its applicable costs, fees, and interest in this matter. It is common in Rule C arrest cases for the security to be set at one and a half (1.5) times of the fairly stated claim, and therefore Plaintiff seeks an Order of Arrest of the Vessel in the amount of **USD 750,000**. *See* Supplemental Rule E (5) (permitting substitute security up to twice the amount of Plaintiff's fairly stated claim to cover interest, costs, and fees, etc.).

**WHEREFORE PREMISES CONSIDERED,** Plaintiff Sing Fuels prays as follows:

A. That Process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, be issued against Defendant, and Defendant be cited to appear and answer the allegations of this Verified Complaint;

B.     That the Honorable Court enter an order of *in rem* arrest for M/V LILA SHANGHAI pursuant to Rule C of the Supplemental Rules to enforce Plaintiff's maritime lien and that the Vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein;

C.     That judgment be entered in favor of Plaintiff and against the Defendant M/V LILA SHANGHAI, her engines, freights, apparel, appurtenances, tackle etc. *in rem*, for the amount pled herein as well as for interest, costs, attorney fees, and disbursements for this action;

D.     That judgment be entered against Defendant in the sum of **USD 532,312.48**, plus applicable interest, costs, and fees pled herein;

E.     That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Dated: April 21, 2020                                  Respectfully submitted,

 /s/ *Ann B.Brogan*
Ann B. Brogan (VSB No. 25567)
Patrick M. Brogan (VSB No. 25568)
Davey & Brogan P.C.
101 Granby Street, Suite 101
Norfolk, VA 23510
(T) (757) 622-0100
(F): (757) 622-4924
Email: abrogan@daveybroganpc.com
           pbrogan@daveybroganpc.com
*Attorneys for Plaintiff*

and
Chalos & Co, P.C.
George M. Chalos, Esq.
Briton P. Sparkman, Esq.
55 Hamilton Ave.
Oyster Bay, NY 11771
Email: gmc@chaloslaw.com
           bsparkman@chaloslaw.com
Tel: (516) 714-4300
Fax (516) 750-9051
*Pro Hac Vice Forthcoming*